Submitted January 6, affirmed March 29, 2023

Ellen K. CHAMPION,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT,
*Respondent.*

Employment Appeals Board
2022EAB0554; A179360

528 P3d 323

Petitioner seeks judicial review of an Employment Appeals Board (EAB) decision upholding the Oregon Employment Department's (OED) denial of her application for Pandemic Unemployment Assistance (PUA). She argues that she is a "covered individual" under the CARES Act and therefore is eligible for PUA. *Held*: EAB's conclusion that petitioner did not qualify as a "covered individual" was supported by evidence in the record, and EAB adequately explained its reasoning in its decision. Because EAB's decision was supported by substantial evidence and substantial reason, EAB did not err in upholding OED's denial of petitioner's application for PUA.

Affirmed.

Ellen K. Champion filed the brief *pro se*.

Denise G. Fjordbeck, waived appearance for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Petitioner seeks judicial review of an Employment Appeals Board (EAB) decision upholding the Oregon Employment Department's (OED) denial of her application for Pandemic Unemployment Assistance (PUA). In three assignments of error, petitioner argues that EAB erred in making various findings of fact and conclusions of law. Although EAB could have been more straightforward in its reasoning, we conclude that that EAB's decision was supported by substantial evidence and substantial reason. Accordingly, we affirm.

We will set aside or remand a board's order if "the order is not supported by substantial evidence in the record. Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8)(c). "Substantial evidence" includes "substantial reason." Put another way, the board must provide an explanation for how it reached its conclusion. *Castro v. Board of Parole*, 232 Or App 75, 83, 220 P3d 772 (2009).

On appeal, petitioner argues that she qualifies as a "covered individual" under the CARES Act and was thus eligible for PUA. Under the CARES Act, a person is considered a "covered individual" if they are not eligible for other compensation, including regular unemployment benefits, and if they self-certify that they are "otherwise able to work and available to work within the meaning of applicable State Law," but cannot do so due to one of 11 reasons related to the COVID-19 pandemic. Pub L 116-136, § 2102(a)(3). Those reasons include that "the individual has been diagnosed with COVID-19 or is experiencing symptoms of COVID-19 and seeking a medical diagnosis," or "has become the breadwinner or major support for a household because the head of the household has died as a direct result of COVID-19." Pub L 116-136, § 2102(a)(3)(A)(ii)(I). "Direct result" as used in section 2102 means that "the unemployment is an immediate result of the major disaster itself, and not the result of a longer chain of events precipitated or exacerbated by the disaster." 20 CFR § 625.5(c); U.S. Dept of Labor, Unemployment Insurance Program Letter No. 16-20, (Apr 5, 2020) (UIPL 16-20) at I-7.

The Continued Assistance for Unemployed Workers Act (2020) (CAA) made certain changes to the CARES Act. Among those changes was the removal of the language allowing for self-certification in favor of language dictating that, to qualify as a "covered individual," the applicant must submit documentation to substantiate their employment or self-employment within 90 days of their application or December 27, 2020, whichever date is later. CAA § 241(a); UIPL 16-20, Change 4, (Jan 8, 2021) at I-10. Importantly, section 201(f) of the CAA modified the CARES Act such that claims filed after December 27, 2020, could be backdated to no earlier than December 6, 2020. UIPL 16-20, Change 4, (Jan 8, 2021) at I-19.

Petitioner argues that she qualifies as a "covered individual" because beginning in March 2020, petitioner and her fiancé lost income due to the Governor's stay-at-home order. Alternatively, she argues that she qualified after her fiancé passed away due to complications from COVID-19. The OED representative testified that if petitioner and her fiancé did not qualify for regular unemployment insurance (UI) payments at the time of the stay-at-home order, they might have qualified for PUA if they had applied sometime between March 2020 and December 27, 2020. Similarly, petitioner might have qualified for PUA if she did not qualify for UI after the death of her fiancé.

However, petitioner did not apply right after either of those two events. Instead, petitioner waited to apply until a year after the death of her fiancé and nearly one-and-a-half years after the start of the stay-at-home order. At the time of her application, the CAA was the law. And, as set forth in the CAA, applications could only be backdated to December 6, 2020. That meant that many of the events that petitioner referenced in her application, which *may* have factually qualified her for PUA, occurred outside the window of time that OED could consider in its decision. In addition, when she did apply, petitioner provided very little documentary support for her application. Because of the lack of documentation in the record, OED was unable to definitively determine that petitioner qualified as a "covered individual."

On appeal, EAB also determined that petitioner was not a "covered individual" because she had accepted and then voluntarily separated from various jobs in the months between the asserted "COVID reasons" and the weeks for which she claimed PUA benefits.[1]

Having reviewed the record, we conclude that EAB's decision was supported by substantial evidence. Petitioner does not contest that she held various jobs in the time between the asserted "COVID reasons" for her unemployment and the weeks for which she claimed PUA coverage. Nor does she contest that she voluntarily separated from those positions. And while the record indicates that COVID-19 related issues contributed to petitioner's decision to leave those jobs, substantial evidence supports EAB's decision that petitioner's unemployment was "the result of a longer chain of events precipitated or exacerbated by the disaster," which would disqualify petitioner from benefits. 20 CFR § 625.5(c); UIPL 16-20, (Apr 5, 2020) at I-7.

As to substantial reason, EAB explained that it was petitioner's voluntary separation from various employers, which occurred after the asserted "COVID reasons," that caused petitioner's unemployment and not, as petitioner argues, the "COVID reasons" themselves. That reasoned explanation, coupled with the evidence in the record, satisfies EAB's burden to provide substantial reason for its conclusions.

We reach a similar conclusion regarding petitioner's argument that because she contracted COVID-19, she was eligible for PUA. Although petitioner testified that she entered her quarantine information into the OED filing system, OED was unable to locate it, and petitioner testified that she no longer had access to that information.

Under the CAA, an individual was no longer able to self-certify eligibility for benefits. Thus, petitioner's benefit

---

[1] Given that the EAB ultimately based its decision on petitioner's voluntary separation from various jobs and not on whether petitioner was self-employed or became the household's primary breadwinner after the death of her fiancé, the portions of its decision questioning her credibility complicated our review and, indeed, caused us to wonder whether the agency's ultimate decision was based on something other than the articulated legal analysis. Ultimately, those concerns did not affect the disposition of this case, though they did give us pause.

eligibility depended both on the fact that she contracted COVID-19 *and* that she was able to provide documentary proof of her illness. EAB's denial of benefits was not due to a determination that petitioner did not contract COVID-19. Instead, it was because petitioner "did not offer evidence to show when she was rendered unemployed or unavailable to work during the weeks at issue as a direct result of COVID-19." Given the lack of documentary evidence in the record, we conclude that EAB's decision was based on substantial evidence. And we find that the decision was supported by substantial reason, given EAB's explanation coupled with the absence of evidence.

Our role as an appellate court reviewing a decision of EAB is not to find facts, nor to relitigate what was litigated below. Our role is one of error correction. In exercising that role, we are bound by the record before us and our standard of review. On this record and reviewing for substantial evidence and substantial reason, we conclude that EAB did not err when it determined that petitioner did not qualify for PUA under the CARES Act and CAA.

Affirmed.