238 November 14, 2024 No. 824

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Latisha M. STEELE,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT,
*Respondent.*

Employment Appeals Board
2022EAB1248;
A180888

Submitted October 4, 2024.

Latisha M. Steele, Petitioner, filed the brief *pro se*.

Dustin Buehler waived appearance for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and
Pagán, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this judicial review proceeding, petitioner challenges a decision by the Employment Appeals Board that upheld an earlier decision related to pandemic unemployment assistance (PUA). Under our standard of review, we will set aside or remand the board's order if the order is not supported by substantial evidence in the record. *See* ORS 183.482(8)(c) (describing our standard of review). As we recently explained, "Our role as an appellate court reviewing a decision of [the board] is not to find facts, nor to relitigate what was litigated below. Our role is one of error correction. In exercising that role, we are bound by the record before us and our standard of review." *Champion v. Employment Dept.*, 325 Or App 71, 75, 528 P3d 323 (2023). After reviewing the record and applying our standard of review, we conclude that petitioner has not demonstrated any reversible error by the board. Accordingly, we affirm.

We do not provide a recitation of the underlying factual and procedural history for this nonprecedential memorandum opinion; rather, the board's decision provides an extended description of the procedural history of the case. Ultimately, the board affirmed the order under review, which concluded that petitioner "was eligible to receive PUA benefits after December 6, 2020, for a period of weeks claimed in late 2020 and in 2021." The board further concluded that petitioner's arguments were properly directed at a different administrative decision that was not at issue. That is, the board explained that it understood petitioner's argument to be "properly construed as a timely request for hearing on the December 6, 2022, administrative decision" and that the board "forwarded a copy of [its] decision, including [petitioner's] written argument and both administrative decisions, to the [Employment] Department for review."

In this judicial review proceeding, petitioner does not appear to directly challenge the board's decision; rather, her arguments appear to be directed at the Employment Department. For instance, she contends that there "is no substantial evidence or any material facts in the Employment Department's findings of fact" and asks us to order the department "to honor the Employment Appeals

Board decision and pay petitioner PUA benefits owed imme-
diately." None of those arguments demonstrate any revers-
ible error by the board. Accordingly, we affirm the decision
by the board.

   Affirmed.