212 March 19, 2025 No. 252

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

SCOTT I. LIVINGSTON,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT,
*Respondent.*

Employment Appeals Board
2022EAB0815;
A180116

Argued and submitted August 7, 2024.

Scott Ian Livingston argued the cause and filed the brief *pro se*.

Dustin Buehler waived appearance for respondent Employment Department.

Before Shorr, Presiding Judge, Pagán, Judge, and Mooney, Senior Judge.

MOONEY, S. J.

Affirmed.

**MOONEY, S. J.**

Petitioner seeks judicial review of a decision by the Employment Appeals Board (EAB) affirming the Oregon Employment Department's (OED) Notice of Determination that concluded that petitioner was not entitled to Pandemic Unemployment Assistance (PUA) benefits under the Coronavirus Aid, Relief, and Economic Security (CARES) Act. Petitioner asks us to reverse the EAB's decision. Petitioner appears before us *pro se*, and OED waived its right to appear.

The EAB, upon *de novo* review of the hearing record, can "affirm, modify, or set aside the decision" of the administrative law judge (ALJ). ORS 657.275(1), (2). The EAB "may enter its own findings and conclusions or may adopt the findings and conclusions of the [ALJ]." ORS 657.275(2). We review the EAB's order as a contested case under ORS 183.482. ORS 657.282. Our review is "confined to the record" and we are not permitted to "substitute [our] judgment for that of the agency as to any issue of fact or agency discretion." ORS 183.482(7). We "may affirm, reverse or remand the order," but we are required to "set aside or remand the order" only when we determine that "the order is not supported by substantial evidence in the record. Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8).

A self-employed individual qualifies for PUA under the CARES Act if they otherwise do not qualify for regular unemployment or other state or federal compensation programs, can substantiate their self-employment with documentation, and self-certify that they are "'able to work and available to work' *** but cannot do so due to one of the 11 reasons related to the COVID-19 pandemic." *Champion v. Employment Dept.*, 325 Or App 71, 72-73, 528 P3d 323 (2023) (explaining that PUA eligibility was intended for people unemployed as "an immediate result of the major disaster itself, and not the result of a longer chain of events precipitated or exacerbated by the disaster").

Petitioner first submitted an application for benefits through the PUA on May 1, 2020. He listed Fred Meyer as his employer from October 22, 2012, to August 5, 2018, but

checked the "self-employed" box and listed his "primary occupation and primary means of livelihood" as "compliance financial consulting." He submitted a second application on October 3, 2021, which did not include his Fred Meyer employment but instead described himself as "self employed" from June 1, 2019, to January 1, 2020, with Livingston Consultancy doing "financial services." He claimed benefits during the period of February 2, 2020, through September 4, 2021, and received payment for all except the first seven weeks of that period. On March 25, 2022, OED determined that he was and had been ineligible for PUA because he had "no ties to the Oregon labor market, and *** failed to provide proof of earnings sufficient to establish PUA eligibility." Petitioner requested a hearing. The assigned ALJ held a hearing and issued a final order that provided, in relevant part:

> "Although claimant had indicated he was self-employed ***, the [OED] was unable to secure evidence of such activities or income therefrom; at least one of these companies had long since been defunct. Claimant last earned from employment in 2018 ***. Because the Department was unable to establish a connection between claimant and a labor market since 2018, claimant was not deemed to be unemployed for a COVID-19 qualifying reason.

> "[C]laimant is not entitled to receive PUA benefits under the CARES Act during the period at issue.

> "*****

> "Claimant was not eligible to receive regular unemployment benefits for the weeks at issue. In addition, he has not established by a preponderance of evidence that he was unemployed due to a reason set forth in [the CARES Act] or that he was employed in 2019 or in 2020."

Petitioner appealed the ALJ's decision to the EAB, which adopted the ALJ's findings of fact and affirmed.

We have reviewed the entire record and conclude that it contains substantial evidence supporting the EAB's order: Petitioner's connection to the Oregon labor market ended before the start of the COVID-19 pandemic. Thus, the EAB did not err when it affirmed petitioner's ineligibility for PUA.

Affirmed.