No. 475 May 29, 2025 785

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Tyler RUSTEN,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Clatsop County SD #10,
*Respondents.*

Employment Appeals Board
2024EAB0274;
A184530

Submitted April 29, 2025.

Tyler Rusten filed the brief *pro se.*

Dustin Buehler waived appearance for respondent Employment Department.

No appearance for respondent Clatsop County SD #10.

Before Aoyagi, Presiding Judge, Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

In this judicial review proceeding, petitioner challenges a decision by the Employment Appeals Board (the board) upholding an administrative law judge (ALJ)'s determination that petitioner was disqualified from receiving unemployment benefits because he voluntarily left work without good cause. ORS 657.176(2)(c). Under our standard of review, we will set aside or remand the board's order if the order is not supported by substantial evidence in the record. ORS 183.482(8)(c)

Petitioner contends that he had good cause to leave his employment for purposes of ORS 657.176(2)(c) because he faced a hostile work environment and suffered retaliation for whistleblowing. Petitioner testified before the ALJ and presented evidence including communications with his employer in support of those assertions. The employer presented a different narrative, also supported by evidence, disputing petitioner's allegations. After reviewing the record and applying our standard of review, we conclude that petitioner has not demonstrated any reversible error by the board. That is, the board's decision was supported by the record. We are mindful that "[o]ur role as an appellate court reviewing a decision of [the board] is not to find facts, nor to relitigate what was litigated below. Our role is one of error correction. In exercising that role, we are bound by the record before us and our standard of review." *Champion v. Employment Dept.*, 325 Or App 71, 75, 528 P3d 323 (2023).

Affirmed.