No. 600      July 2, 2025      649

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Malia FORNEY,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Equifax Workforce Solutions,
*Respondents.*

Employment Appeals Board
2024EAB0430;
A184783

Argued and submitted May 21, 2025.

Malia Forney argued the cause and filed the briefs *pro se*.

Jon Zunkel-deCoursey, Assistant Attorney General, argued the cause for respondent Employment Department. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

No appearance for respondent Equifax Workforce Solutions.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

In this judicial review proceeding, petitioner challenges a decision by the Employment Appeals Board (the board) upholding an administrative law judge's (ALJ) determination that petitioner was disqualified from receiving unemployment benefits because she "[v]oluntarily left work without good cause." ORS 657.176(2)(c). Under our standard of review, we will set aside or remand the board's order if the order is "not supported by substantial evidence in the record." ORS 183.482(8)(c).

Petitioner contends that she had good cause to leave her employment for purposes of ORS 657.176(2)(c) because her employer discriminated against her based on her identity as a bisexual woman. Petitioner testified before the ALJ and presented evidence, including communications with her employer about her work and eventual separation. After reviewing the record and applying our standard of review, we conclude that petitioner has not demonstrated that the board committed reversible error. We are mindful that "[o]ur role as an appellate court reviewing a decision of [the board] is not to find facts, nor to relitigate what was litigated below. Our role is one of error correction. In exercising that role, we are bound by the record before us and our standard of review." *Champion v. Employment Dept.*, 325 Or App 71, 75, 528 P3d 323 (2023).

Affirmed.